Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The opinion of the Court below is excepted to, because the Judge separated the admission of the Defend ant, by making that part which acknowledged the Plaintiff’s account to be just evidence against the Defendant,
 
 *571
 
 ami rejecting that part which assorted he had an account of equal amount against the Plaintiff, which the Court required the Defendant to prove by other evidence.
 

 This opinion is certainly at variance witn the whole current of authorities, which uniformly establish the principle that the whole of an admission must be taken together, to the end of discovering She true meaning; and sense of the party making it. it is highly reasonable and just that it should be so, since if a man will honestly charge himself with a debt which it could not be proved he owed, he seems entitled to credit when he swears iu his own discharge, it was decided so long ago as the time of Hale,
 
 “
 
 that the confession of a party must be taken whole, and not by parís 3 as if to prove a debt, it be sworn that ho confessed it, but withal he said at the same time that he paid it 3 his confession shall be valid as to the payment, as well as that ho owed it.”
 
 (Trials per Pais.
 
 363.) Tisis rule has uniformly prevailed, at law, as to the admission of tu© confession 3 bat it still rests with the Jury to decide whether they will believe the whole of it 3 for the matter of discharge may be rendered so improbable by circumstances as to make it unworthy of credit, while the other part maybe sufficient to charge the .Ocfeudani. He might allege, for example, that he had paid the debt la presence of several witnesses, none of whom when called upon, would confirm his statement. 'There is no difference in this respect, between Courts of Latf and .Equity 3 but the difference is between pleading and evidence 3 for if
 
 un
 
 answer in another cause is introduced by way of
 
 evidence
 
 in Chancery, the whole of it must be read, as it would be in a Court of Law. But when an answer is
 
 put in issue,
 
 the Defendant must prove all the facts, on which he relies for a discharge, while the Plaintiff may avail himself of every admission which he thinks material. So if, in a Court of Law, the plea confesses the scatter in demand, but avoids it by other circumstances,
 
 *572
 
 the proof of avoidance lies on the Defendant. — (13 Vesey, 47 — 2 Ball and Beattie, 382.) And the principles which govern the reading an answer in evidence in a Court of Law apply, though in a different degree, to every other confession
 
 ;
 
 and it may be affirmed, that no principle in the law of evidence is more firmly established, than that if you rely upon the confession of the party, you must take the whole confession together. There must be a new trial.